## 32300. MAHER v. THE STATE.

BOWLES, Justice.

The appellant, William R. Maher, was indicted for murder in the Superior Court of Monroe County. Following a jury trial, appellant was found guilty and received a life sentence. He appeals to this court, enumerating seven errors committed by the trial court in overruling his motion for new trial, and arguing error in the trial court's refusal to charge the jury on the law of voluntary manslaughter, in pressuring the jury to reach a verdict, and in allowing a deputy sheriff to transport four

jurors outside the presence of a bailiff.

On July 13, 1976, Susan Weir Maher, the appellant's estranged wife, went on a camping trip with her two daughters and one of their young friends. The victim, William Maurmann joined them that evening at the campsite. As developed at trial, the evidence showed that the appellant came to the campsite later that night looking for his wife. A fight ensued between him and Maurmann. Maurmann was shot and killed. There were no eyewitnesses to the shooting.

1. The appellant complains that the verdict was contrary to the evidence and principles of justice; contrary to law; and strongly against the weight of the evidence. After a careful review of the record, we find that there was sufficient evidence to support the jury verdict of guilty. Appellate courts will not pass on the weight, but on the sufficiency of the evidence to sustain a verdict. *Strong v. State,* 232 Ga. 294 (206 SE2d 461) (1974). If there is any evidence to support the findings of the jury, and no errors of law appear, the verdict should not be disturbed. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975); *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520) (1952).

2. The appellant complains that the trial court erred in allowing the state to examine its own witnesses on re-direct examination. The trial judge, in his discretion, found the evidence brought in on re-direct examination to be relevant and admissible. Absent a showing of gross abuse of discretion, we find no error. *Walker v. Walker,* 14 Ga. 242 (1853); *Ga. R. & Bkg. Co. v. Churchill,* 113 Ga. 12 (38 SE2d 336) (1901); *Woodward v. State,* 197 Ga. 60 (7) (28 SE2d 480) (1943).

3. The appellant complains that the state was allowed to attempt to impeach their own witness by a showing of prior inconsistent statements, and to treat her as a hostile witness over objection by the appellant. The attorney for the state specifically stated to the court that he was not attempting to impeach the witness, but he was questioning her about a matter she had not mentioned previously to anyone, and that his questions were phrased due to her young age. At no time did the state indicate an intent to treat the witness as hostile.

The witness in question was a 12-year-old girl, a friend

of Mrs. Maher's daughter who had been with them on the camping trip. The discussion related to when she had remembered to tell someone about a clicking noise she had heard on the night of the murder. After the appellant objected to the questions being asked, the state's attorney agreed to rephrase his questions, making them acceptable to appellant's counsel. No impeachment occurred. We find no error.

4. The appellant complains that the state was allowed over objection to ask the appellant about his training as a police officer, when that question had been asked before. A review of the transcript reveals that earlier questioning related to the appellant's training in weapon-firing. The question objected to was about investigative procedures the appellant learned while a police officer. The question was properly allowed.

5. The appellant argues that the trial court erred in refusing to charge the jury on the law of involuntary or voluntary manslaughter, upon *oral* request by counsel. In making its decision, the trial judge stated that he had heard no evidence of sudden irresistible passion in the case so as to warrant a charge of voluntary manslaughter. In his view, after seeing and hearing all of the evidence, the appellant was guilty of justifiable homicide or murder. He charged accordingly. We find no error. The trial judge may, in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so without a *written request* by the state or the accused is not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

6. The appellant complains that the jury was coerced into reaching their verdict of guilty by the judge's charge during their deliberations. After they had been deliberating for approximately two hours, the jury was told: "Ladies and gentlemen of the jury, it is nearly 9:30 and I am wondering this, your motel rooms are still available and I am just wondering if you would like to go on and get a night's rest and come back tomorrow morning. I am not pushing you in any way but I just want you to know that I don't want to keep you up here real late, unless you want to stay. We are here to stay with you, but if you want to go, we can let you go to the motel any time."

After a private conference, the jury foreman reported that the jury wished to continue their deliberations that night. A verdict was returned twenty minutes later. We do not think that the judge used undue influence on the jury, nor do we find that the remarks made were improper.

7. The appellant argues that it was error to allow a deputy sheriff to transport four jurors from a motel to a restaurant, as this deputy sheriff was not a bailiff nor was a bailiff present during that period of transportation. Immediately upon its being brought to the attention of the court, the judge conducted a hearing at which time he questioned the deputy sheriff and the four jurors involved. Appellant's counsel, without objection, participated in this hearing. It was then shown, to the satisfaction of all, that no wrong-doing occurred. The appellant's attorney conceded that no wrong-doing had occurred, and in fact stated, "There was no wrong-doing on [the deputy's] part." No objection was made by appellant's counsel, nor was a motion for mistrial made at the close of the hearing.

Any objection which appellant could have made to this incident should have been made at the time the court was inquiring into the incident. "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951). The appellant's enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1977 — DECIDED JUNE 28, 1977.

*Brown & Romeo, H. Eugene Brown, Robert T. Romeo,* for appellant.

*E. Byron Smith, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.