## 55429. BROWN v. THE STATE.

WEBB, Judge.

Jimmy Brown in his appeal from a conviction for burglary asserts the general grounds that the verdict was contrary to law, contrary to the evidence, and strongly against the weight and sufficiency of the evidence. The scene of the burglary was a grocery store-gasoline service station located about 10 miles from Blue Ridge in Fannin County. Brown was one of four alleged participants, and he conducted his own defense at trial. He claimed that he never had any intention to burglarize the store, did not gain entry to the premises, was not present when one of the others went into the store through a window, and did not plan the burglary.

Brown asked one of the participants, "Now that day that you'uns was talking about breaking into the store, didn't I try to talk you out of it; and I told you that it wasn't worth it, didn't I?" and the witness replied "Yes, sir." The witness agreed that Brown told the rest of them that he "didn't want no dealings in breaking into that store" and that Brown "walked up the road with us, and that is as far as I seen you."

On the other hand, Mark Anthony Mashburn, the individual who gained entry through a window and was met therein by the owner of the store with gun in hand, testified that Brown was present at the time he, Mashburn, was attempting to enter the store. Scott Callahan, another of the participants, testified that "I seen Mark going into the store, and I run. Me and Ricky run . . . and Jimmy [Brown] caught up to us later." Under cross examination Brown admitted that he had thought about whether to burglarize the store that day.

There apparently was adequate proof and knowledge, to the satisfaction of the jury. This court will not pass on the weight of the evidence; that is the province

of the jury in reaching a verdict and the trial judge in considering a motion for new trial. Appellate courts consider the sufficiency, not the weight of the evidence to sustain a verdict. *Maher v. State,* 239 Ga. 305, 306 (1) (236 SE2d 647) (1977); *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976). If there is any evidence to support the verdict, and no errors of law appear, it will not be disturbed. *Maher v. State,* supra. There was adequate evidence here.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 6, 1978.

*William Davis Harris,* for appellant.
*Frank C. Mills, III, District Attorney, J. Carey Hill, Assistant District Attorney,* for appellee.