## 62008. FARRELL v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offense of robbery by use of force. Defendant appeals. *Held:*

1. The victim testified that she was a realtor who, after showing an individual identifying himself as Ron Sweet, a particular house on a previous occasion, arranged to meet him there on June 11, 1979, in order that his wife could see the house. The person, who identified himself as Ron Sweet, had told the victim that he was an airline navigator being transferred from Houston, Texas. At the appointed time the person known as Ron Sweet arrived on foot and inquired of the victim as to whether his wife had arrived. After being assured by Ron Sweet that his wife should be there shortly, the victim unlocked the house. The victim and Ron Sweet entered the house. After about 15 minutes of looking about the house and waiting for the wife who never arrived, the individual, known as Ron Sweet, grabbed the victim from behind. After some struggling and screaming, the victim ceased her resistence. The perpetrator pulled the wedding ring and another ring from the victim's hand and also took the victim's watch. After taking the jewelry which contained approximately six carats of diamonds he took the victim into a bathroom where he tied her right hand to "an angle hand hold." When left alone the victim, using her free hand, untied the knot, freed herself and drove back to her office.

The person known to the victim as Ron Sweet was identified by the victim from a photographic lineup as Jimmy Wayne Farrell, the defendant. The victim identified the defendant again in court.

The defendant presented an alibi defense by his testimony and the testimony of others. Defendant also presented testimony as to his physical appearance on or about the time of the robbery which contradicted that of the victim.

The resolution of the conflicts in the evidence was a matter for determination by the jury. After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of robbery by use of force. *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Nelson v. State,* 247 Ga. 172, 174 (1) (274 SE2d 317); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

2. Defendant contends that he was denied effective assistance of counsel because an additional alibi witness, an Alabama police officer, was not subpoenaed, and counsel failed to make any effort to advise the court when the witness would be available to testify. It

appears from colloquy at the trial that the witness in question was willing to attend the trial court and testify but for an injury to his wife in a motor vehicle on the eve of the trial. The witness, being without the state, was not subject to subpoena under the general provision for the subpoena of witnesses. Code Ann. § 38-801 (e) (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200; 1978, pp. 925, 926; 1980, pp. 70, 71). Also, we note that the Uniform Act to Secure the Attendance of Witnesses From Without the State, Code Ann. § 38-2001a et seq. (Ga. L. 1976, p. 1366), "does not provide for the issuance of a subpoena, but is rather a process for obtaining a court order for the production of the witness." *Mafnas v. State,* 149 Ga. App. 286, 287 (1) (254 SE2d 409). Consequently, the provisions of Code § 27-415 prohibiting a continuance due to the absence of witnesses where the accused has failed to use the means provided in the preceding sections, which deal with the accused's right to obtain subpoenas for such witnesses as he may deem material for his defense, do not apply to the procedure set forth in the Uniform Act to Secure the Attendance of Witnesses From Without the State, supra. Although trial counsel was under these statutes without the means to secure a subpoena for the witness in question or to make the showing required under Code § 81-1410 (amended Ga. L. 1959, p. 342), due to the lack of a subpoena, trial counsel did present the facts and circumstances to the trial court, thereby submitting the issue to the discretion of the trial court. See in regard to the discretion of the trial court such cases as *Wellons v. State,* 144 Ga. App. 218, 219 (2) (240 SE2d 768), and *Lee v. State,* 154 Ga. App. 562, 566 (4) (269 SE2d 65); *Beasley v. State,* 115 Ga. App. 827 (1) (156 SE2d 128). Contrary to the assertions raised by the defendant on appeal his trial counsel did not fail to attempt to determine at what time the witness could be in court. The trial counsel requested and obtained a brief recess in order to attempt to obtain this information but was unsuccessful in trying to reach the witness by telephone. Due to the absence of any ability to subpoena this witness, defense counsel's reasonable belief that the out-of-state witness would willingly attend trial and the lack of any statutory sanctions which are required to be imposed for a failure to utilize the Uniform Act to Secure the Attendance of Witnesses From Without the State, it appears that defense counsel was rendering reasonably effective assistance to his client. See in this regard *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515).

Furthermore, the absent witness would have testified that the defendant was at or near a suburb of Gadsden, Alabama at the time of the crime. His testimony would thus have been cumulative to that presented by the defendant and two other defense witnesses. It has been held that even an erroneous exclusion of testimony which is

merely cumulative of other evidence properly before the jury would be harmless. See *Milstead v. State,* 155 Ga. App. 407, 408 (2) (270 SE2d 820), and cits.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1981.

*Murray M. Silver,* for appellant.
*Robert Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.