## 40268. HARRISON v. THE STATE.

CLARKE, Justice.

Betty Ann Harrison was convicted of the murder of Jack Calhoun and sentenced to life in prison. The victim and the appellant, who had known each other for a year and a half, had a tempestuous relationship. The parties lived together off and on during that period, establishing a pattern of breaking up and then reconciling. The victim's death occurred after an evening of quarreling during which the appellant accused the victim of involvement with another woman. There was also evidence that appellant believed that the victim had formed a sexual relationship with her thirteen-year-old daughter and that she had threatened to kill him because of this.

The victim was stabbed with a kitchen knife. This took place at the victim's trailer. When appellant got into her car to leave, the victim got into the car with her. Appellant then drove past a hospital to her own trailer where her daughter's boyfriend put the victim on a couch and her daughter called an ambulance. The victim was dead when help arrived.

Appellant's defense was justification. She testified at trial that during the entire evening on which the victim was killed she was trying to get into her car and return to her own trailer but that he kept her keys. She testified that finally the victim began to physically abuse her and she hit and kicked at him to defend herself. He insisted upon having sexual intercourse with her. She testified that he struck her in the mouth and about the face and head, gave her a large bump on her head, and cut her face with her glasses. As he began to drag her into the back of the trailer, she grabbed the knife and struck him with it, according to her testimony.

Police officers who saw the appellant immediately after the events described above, and an officer who examined her for bruises on the day after the murder said no bruises or choke marks were seen on the appellant except for a small bruise or scratch on the nose and a small scratch on one finger. Appellant's thirteen-year-old daughter testified that she had told her mother that she had a sexual relationship with the victim. Several witnesses testified that they had heard appellant threaten to kill the victim. Two of them indicated that the threats involved the relationship between the victim and appellant's daughter.

1. Appellant argues that the trial court erred in denying her request that the case be set down for trial in the second week of trials. The case was set for trial twelve days after appointment of counsel.

The granting or denial of a continuance addresses itself to the sound discretion of the trial court. OCGA § 17-8-22 (Code Ann. § 81-1419). This court recently found in *Ealy v. State,* 251 Ga. 426 (306 SE2d 275) (1983), that two weeks was not, as a matter of law, inadequate preparation time for trial, citing Morris v. Slappy, —— U. S. —— (103 SC 1610, 75 LE2d 610) (1983), (6-day period found adequate). We noted that part of the delay was caused by defendant's discharging two lawyers. In the present case, as in *Ealy v. State,* supra, the appellant had been represented by two other attorneys prior to the appointment of the attorney who handled the case. The first attorney worked on the case for approximately two months before he was discharged or resigned because of a conflict with the client. During this period he interviewed some forty witnesses. The second attorney spoke with her some three times during a period of about two weeks. He was unable to continue to represent her because of a conflict of interest. All files were turned over to the trial counsel. Appellant has shown no harm or prejudice resulting from the failure of the court to grant a continuance. Further, she has failed to show how a continuance would have benefited her. This enumeration is without merit.

2. Appellant next complains that the court erred in giving a charge on voluntary manslaughter, insisting that there was no evidence of voluntary manslaughter and that such a charge tended to confuse the jury. However, there was evidence at trial which would support a voluntary manslaughter charge. In answer to a question by the trial court, appellant stated that she was angry with the victim when she picked up the knife. Since there is slight evidence of voluntary manslaughter the court did not err in charging the jury on voluntary manslaughter. *Morgan v. State,* 240 Ga. 845 (242 SE2d 611) (1978); *Maher v. State,* 239 Ga. 305 (236 SE2d 647) (1977). Further, appellant has not shown that the manslaughter charge prejudiced her in any way.

3. In her third enumeration of error appellant complains that the court erroneously excluded evidence of specific acts of violence by the victim against others. An examination of the transcript reveals that the court did not allow appellant to testify as to acts of the victim toward others. This is not error. Generally, the character of a victim is not admissible, it being as unlawful to kill a violent person as to kill a nonviolent person. *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980). Only if defendant makes a prima facie showing that the victim was in fact the aggressor, that the victim assaulted the defendant and that the defendant was honestly trying to defend himself may defendant show the victim's general character for violence. *Maynor v. State,* 241 Ga. 315 (245 SE2d 268) (1978); *Curtis v. State,* 241 Ga. 125 (243 SE2d

859) (1978). However, evidence of specific acts of violence toward others is not admissible to prove the character of the victim for violence. *Milton v. State,* supra; *Henderson v. State,* 234 Ga. 827 (218 SE2d 612) (1975). Here appellant contends that because of her testimony that the victim assaulted her, she should have been allowed to testify as to specific acts of violence toward others. Although a defendant may in certain circumstances introduce evidence of specific acts directed by the victim toward the defendant to show defendant's reasonable belief that he is being assailed by the victim so as to support a defense of self-defense, evidence of specific acts of violence toward others is not admissible to prove reputation for violence. *Milton v. State,* supra.

4. Appellant complains that during cross-examination of appellant and during rebuttal examination of arresting and investigating police officers, the state stressed appellant's post arrest silence. The cross-examination of appellant referred to, as well as the examination of Steve Hathcox, Barbara Price, and Captain Otis Furgerson all involved whether appellant told anyone prior to trial that she had been held against her will by the victim and made to go to Alabama with him on the evening of the murder. Since there was no contemporaneous objection at trial, appellant is deemed to have waived any objection to admission of this testimony. *Anderson v. State,* 249 Ga. 132 (287 SE2d 195) (1982); *Alderman v. State,* 241 Ga. 496 (246 SE2d 642) (1978).

5. Finally, appellant enumerates as error the court's refusal to give the following charge: "I charge you that once evidence of self-defense is is [sic] introduced, the burden is upon the prosecution to prove its absence beyond a reasonable doubt." Appellant relies upon *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976), in support of her contention that this charge should have been given. However, *State v. Moore* holds only that charges which place the burden of persuasion on the defendant in criminal cases will not be given. The record here shows that the court charged the jury that ". . . once the issue of self-defense is raised the burden of proof rests upon the State as to such issue as it does with respect to all issues in the case." The court also charged upon the presumption of innocence, the necessity for the state to prove guilt beyond a reasonable doubt, and the fact that the burden of proof never shifts to the defendant. The court fully charged on justification. Taken as a whole, the charge of the court was not burden shifting. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 4, 1984.

*Thornton & Whatley, Brian D. Lockerbie,* for appellant.
*Arthur E. Mallory III, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.