## 68513. CREECH v. THE STATE.

BANKE, Presiding Judge.

The appellant appeals his convictions of five counts of burglary and one count of attempted burglary. The principal witness against him was an accomplice, who described in detail how the burglaries had been committed. Also introduced into evidence were various items of property which had been seized from the appellant's motor vehicle and mobile home and which were identified by the burglary victims as having been stolen from their homes.

The appellant denied any involvement in the burglaries and testified that the evidence seized from his vehicle and mobile home had been purchased from the accomplice and from flea markets. He further testified that he had been at work on the dates of three of the burglaries and that he had been at a bank trying to arrange an automobile loan on the date of a fourth burglary. The appellant's father-in-law, who was the owner and operator of a heating and air-conditioning company where the appellant worked, testified that after consulting his business records, he had determined that the appellant was at work on the dates of four of the burglaries. The business records in question were not offered as evidence during the trial. *Held*:

1. The appellant initially contends that his trial counsel rendered ineffective assistance in failing to introduce the business records supporting his father-in-law's alibi testimony. However, the alleged documents were never made a part of the record in the case, and consequently there has been no definitive showing that they in fact existed. Furthermore, in view of the strong evidence of the appellant's guilt and the cumulative nature of the alleged records, the failure to introduce them into evidence could not reasonably be deemed to have deprived the appellant of a fair trial, even if they did in fact exist. Accord *Farrell v. State*, 160 Ga. App. 321, 322-323 (287 SE2d 318)

(1981); Adams v. Balkcom, 688 F2d 734 (11th Cir. 1982). This enumeration of error is without merit.

2. The trial court did not err in allowing two of the State's witnesses to testify against the appellant in violation of the rule against sequestration. The court made this decision after hearing testimony from the witnesses, outside the presence of the jury, to the effect that their testimony would not be influenced by what they had heard. "In criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony." *Blanchard v. State*, 247 Ga. 415 (1), 417 (276 SE2d 593) (1981).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 15, 1984.

*Larry A. Roberts*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.