## S96A0248. ROLAND v. THE STATE.
### (468 SE2d 378)

THOMPSON, Justice.

Jackie Roland was convicted of malice murder and armed robbery and sentenced to consecutive terms of life imprisonment.[1] This appeal followed the denial of Roland's motion for new trial.

Viewed in a light favorable to the State, the evidence shows the following: After borrowing a handgun from his brother, Roland met with his daughter, Melissa Brown, and son-in-law, Johnny Brown, stated he needed money, and asked if they knew anyone who had a lot of cash. Noting that the victim, Jerry Lance, a drug dealer, was known to keep large sums of cash, Johnny Brown offered to set up an ostensible "drug buy" between Roland, as the "seller," and Lance, as the "buyer." Brown met with Lance and escorted him to a bank parking lot where they were to meet with Roland. Lance had $5,600 in cash. Roland exited his car, entered the car Brown and Lance were in, and, without saying a word, shot and killed Lance.

Roland and Brown left the scene, taking Lance's money. They divided the money, Roland giving Brown $1,500, and keeping the rest for himself. The next day, Roland returned the handgun to his brother who turned it over to the police. At the time of their arrests, Roland had over $2,000 in cash and the Browns each had over $500.

Roland testified at trial. He admitted that he shot Lance, but claimed he did so in self-defense.

1. The evidence was sufficient to enable any rational trier of fact to find Roland guilty of malice murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Roland asserts ineffective assistance of counsel, arguing his trial attorneys were retained only two weeks before trial and they were not adequately prepared. In this regard, Roland contends that his trial attorneys only met with him for a short period of time; that they failed to interview prospective witnesses; and that they failed to

---

[1] The victim was killed on April 3, 1989. Roland was indicted on May 19, 1989, and tried on October 2-4, 1989. The jury returned its verdict on October 4, 1989, and Roland was sentenced the same day. Roland moved for an out-of-time appeal on October 28, 1994, and the motion was granted on February 9, 1995. Roland filed a motion for new trial on March 6, 1995. The motion for new trial was denied on September 11, 1995, and Roland timely filed a notice of appeal. The case was docketed in this Court on November 8, 1995, and orally argued on March 11, 1996.

call key witnesses to testify at trial. According to Roland, those witnesses, his sister and ex-wife, would have testified that they gave him over $3,000 to buy drugs shortly before Lance was killed.

In order to succeed on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985) (citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)). To meet the first part of this test, a defendant must overcome the "strong presumption" that his counsel's performance fell within a "wide range of reasonable professional conduct" and that his counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The focus is on the reasonableness of counsel's conduct from his perspective at the time of trial and under the circumstances of the case. Id. at 784.

The evidence adduced at the hearing on motion for new trial demonstrated that defense counsel met with Roland on two occasions and their investigator met with him separately, taking a seven-page statement from him. Although defense counsel did not interview all of the state's witnesses, they were given access to, and read, the state's entire file. Based on their investigation, defense counsel developed a viable self-defense theory which they pursued at trial. The theory was based on the fact that seven bullets were found on Lance's body; that, while a weapon was not found at the scene, drug dealers often carry a gun; and that Roland panicked and shot Lance because he believed Lance was reaching for a gun.

As for the contention counsel should have called Roland's sister and ex-wife, the evidence adduced upon the motion for new trial hearing demonstrated that Roland never told his attorneys that the money the police found at the time of his arrest was given to him by those women. Moreover, when Roland testified at trial, he did not state that his sister and ex-wife gave him money to buy drugs.

It cannot be said that the conduct of Roland's defense counsel fell outside the wide range of reasonable professional judgment, *Smith v. Francis*, supra at 783, or that his counsel's performance prejudiced his defense. *Williams v. State*, 265 Ga. 681, 682 (461 SE2d 530) (1995).

3. Roland asserts the trial court erred in denying his motion for a continuance. We disagree. Although Roland did not retain his attorneys until two weeks before trial, a two-week preparation period is not inadequate as a matter of law. *Ealy v. State*, 251 Ga. 426, 428 (306 SE2d 275) (1983) (citing *Morris v. Slappy*, 461 U. S. 1 (103 SC 1610, 75 LE2d 610) (1983) (six-day preparation period deemed adequate)). This case was not complicated: Roland admitted shooting Lance. The case was to be won or lost on his claim of self-defense.

Besides, Roland did not demonstrate how he was harmed by the denial of his motion for continuance. We find no abuse of discretion in the denial of Roland's motion. *Harrison v. State,* 251 Ga. 837, 838 (310 SE2d 506) (1984); *Pulliam v. State,* 236 Ga. 460, 462 (224 SE2d 8) (1976).

4. Defense counsel asked several prospective jurors whether they wondered why two individuals were indicted and only one was on trial. One responded that she did have questions about that. When defense counsel started to ask another prospective juror the same question, the state interposed an objection, asserting the question had no bearing on the juror's qualifications. Defense counsel argued that the question was proper because "the inquisitiveness and the curiosity of the juror is very paramount." The trial court sustained the state's objection to the question.

Roland erroneously asserts the trial court erred in limiting his voir dire examination of the prospective juror. The question was not aimed at uncovering the juror's interest in the case, or any fact indicating the juror's bias in the subject matter of the case. OCGA § 15-12-133; *Henderson v. State,* 251 Ga. 398 (1) (306 SE2d 645) (1983). At best, the question probed the juror's willingness to find Roland not guilty in spite of the fact that a co-indictee was not being tried with him. The trial court did not err in limiting defense counsel's voir dire examination. See *Henderson v. State,* supra; *Todd v. State,* 243 Ga. 539 (7) (255 SE2d 5) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1996.

*David S. West,* for appellant.
*J. Tom Morgan, District Attorney, Thomas S. Clegg, Desiree S. Peagler, Assistant District Attorneys, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.