S96A0164. YORKER v. THE STATE.
(469 SE2d 158)

HINES, Justice.
James Yorker, Jr., was found guilty and sentenced to life imprisonment for the malice murder of George Danielly III.[1] We affirm the

---

[1] The murder occurred on October 16, 1993. Yorker was indicted on February 1, 1994, for the malice murder of Danielly and three counts of aggravated assault against other indi-

conviction.

The evidence, viewed in favor of the verdict, established that Danielly approached Yorker and accused him of firing gunshots at an automobile. The two exchanged words and began to scuffle. Yorker was thrown to the ground. While on the ground, Yorker drew a gun from the waistband of his pants and fatally shot Danielly.

Yorker claimed he was justified in shooting Danielly because he was receiving a severe beating and kicking from Danielly and two other men. However, eyewitnesses testified that the only blow received by Yorker was when Danielly threw him to the ground and that Danielly did not have a weapon.

1. Reviewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Yorker did not act in self-defense and was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Yorker contends that "[t]he trial court erred in allowing juror (Mosely) to remain on the jury after a *Batson*[2] challenge was made by Appellant during jury selection." However, the record discloses that the trial court excused juror Mosely from further service on the jury after determining that the State articulated a racially-neutral basis for using the peremptory strike. We, therefore, conclude that Yorker is attacking the trial court's denial of his *Batson* challenge of the State's peremptory strike of juror Mosely.

In a *Batson* challenge, the opponent of a peremptory strike must establish a prima facie case of racial discrimination before the proponent is required to articulate a race-neutral explanation for removing the juror in question. *Jackson v. State*, 265 Ga. 897, 899 (2) (463 SE2d 699) (1995). In this case, the trial court did not rule on whether Yorker established a prima facie case of racial discrimination. It did, however, find that the State articulated a racially-neutral basis for using a peremptory strike. The State related that the basis for removing Mosely was his statement, during voir dire, that he was uncomfortable sitting in judgment on his fellow man and that he was familiar with the club where the incident occurred. Yorker failed to present any evidence that cast doubt on the State's explanation for striking Mosely or any evidence that established a discriminatory intent. Id. Therefore, the trial court properly rejected the *Batson* chal-

---

viduals. The jury returned its verdict on August 5, 1994 finding Yorker guilty of malice murder and not guilty of the aggravated assault charges. Yorker was sentenced on the same day. His motion for new trial, filed September 6, 1994, was denied on July 17, 1995. The notice of appeal was filed August 21, 1995, and the case was docketed in this Court on October 25, 1995. The appeal was submitted for decision on December 18, 1995.

[2] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

lenge.

3. Yorker contends that the trial court erred in allowing the State to introduce evidence of his bond hearing testimony because it compelled him to incriminate himself. However,

> [a]bsent objections grounded on the Fifth Amendment at the bail hearing, the decision of defense counsel to bring the extraneous issue of guilt or innocence into the bail proceeding [does] not preclude, on Fifth Amendment grounds, use of incriminating testimony given at the bail hearing.

*Cowards v. State*, 266 Ga. 191, 193 (2) (465 SE2d 677) (1996). Accordingly, the trial court did not err in admitting the bond hearing testimony.

4. In three separate enumerations of error, Yorker complains that the trial court erred in allowing into evidence, following a *Jackson-Denno*[3] hearing, his custodial statements because they were not freely and voluntarily made. Yorker maintains that the statements were involuntary because he was a juvenile, under duress, operating under insufficient sleep, and was without the aid of counsel and did not totally understand the consequences of his interrogation.

A trial court's conclusions of fact and credibility following a *Jackson-Denno* hearing are to be accepted unless clearly erroneous. *Berry v. State*, 254 Ga. 101, 104 (1) (326 SE2d 748) (1985); *Sanborn v. State*, 251 Ga. 169, 170 (2) (304 SE2d 377) (1983). Here, the trial court found that Yorker was advised of each of his *Miranda*[4] rights, that he understood them, that he voluntarily waived them, and that he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury. Evidence presented at the hearing established that: Yorker was sixteen, had completed ninth grade, and could read and write at the time of the interrogation; Yorker's *Miranda* rights were read to him prior to the interrogation and he was informed that he was being detained in connection with a specific shooting; Yorker and his mother signed a written waiver and at no point did they request the interrogation to stop; a representative from the Department of Children and Youth Services was present during the interrogation, which lasted forty-five minutes to an hour; and, that during the interrogation, Yorker never repudiated his statements. The evidence supports the trial court's finding that the statements were voluntary. Thus, there was no error in the trial court's ruling in favor of admissibility. *Head v. State*, 262 Ga. 795, 796 (3) (426 SE2d 547) (1993); *Blackwell v. State*, 259 Ga. 810, 811 (2) (388

---

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

SE2d 515) (1990).

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED APRIL 29, 1996.

*Roosevelt Warren*, for appellant.

*Ralph M. Walke*, District Attorney, *Jeffrey J. Connor*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Caroline W. Donaldson*, Assistant Attorney General, for appellee.