A96A1122. SAPEU v. THE STATE.
(474 SE2d 703)

RUFFIN, Judge.

A jury convicted Paul Sapeu of two counts of cruelty to children. The convictions stemmed from Sapeu's actions in disciplining his son by pouring scalding water over the child's body and failing to seek medical attention for the resulting burns. Sapeu appeals the trial court's judgment of conviction and denial of his motion for new trial. For reasons which follow, we affirm.

1. We note initially that although Sapeu is represented by counsel on appeal, he "has nevertheless submitted a pro se filing, enumerating [five] errors allegedly committed by the trial court. Our State Constitution and the Federal Constitution do not provide a criminal defendant with a right to simultaneous representation by counsel and self-representation. We therefore do not consider those errors raised or arguments made by [Sapeu] himself. It is his obligation to bring his concerns to his counsel's attention in a timely manner so counsel, in the exercise of professional judgment, may incorporate them in the enumerations of error and brief. [Cit.]" *Staples v. State*, 209 Ga. App. 802, 806-807 (10) (434 SE2d 757) (1993).

2. In two enumerations of error, Sapeu challenges the sufficiency of the evidence. However, because neither enumeration is supported in his brief by citation of authority or argument, they are deemed abandoned. Court of Appeals Rule 27 (c) (2).

3. Likewise, Sapeu's third enumeration of error, that the court committed an error of law warranting a new trial, is not supported in his brief and is also deemed abandoned. Id.

4. In his fourth enumeration of error, Sapeu asserts that the trial court erred in allowing similar transaction evidence concerning a previous incident of domestic violence. The similar transaction evidence showed that police responded to a domestic violence call made by the security guard at the apartment complex where Sapeu resided. The responding officer testified that the security guard called police after Sapeu's children ran to inform the guard that Sapeu "was beating up on their mother." According to the officer, the mother told him that Sapeu started hitting her when she questioned his manner of disciplining the children. Sapeu had disciplined the children earlier that day, and she questioned "his discipline practices on the kids because in the past he had struck the kids with his fist." Sapeu reportedly told the officers that "he would discipline his kids anyway he wanted to" and became violent with the responding officers.

We note that Sapeu has not cited any portion of the record showing how this enumeration was preserved for appellate consideration, and our review of the transcript does not reveal that Sapeu objected to the testimony at trial. See Court of Appeals Rule 27 (a) (1) and (c). Although Sapeu made a lack of similarity objection at the pretrial similar transaction hearing, he waived this ground by failing to make this objection when the similar transaction evidence was introduced at trial. *Jackson v. State*, 217 Ga. App. 485, 488 (4) (a) (458 SE2d 153) (1995) (physical precedent only). See also *Hunter v. State*, 202 Ga. App. 195, 196-198 (3) (413 SE2d 526) (1991).

Even if Sapeu had shown that he properly preserved this objection, he has not shown that the court erred in admitting the evidence. Similar to the charged offenses, the independent offense involved Sapeu's physically abusive conduct towards family members within the family home. "The rule allowing the admission of similar transaction evidence is usually applied more liberally with evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves to this exception to the other offenses rule on questions of both identity and motive." (Citations and punctuation omitted.) *Parcell v. State*, 198 Ga. App. 439 (1) (401 SE2d 628) (1991).

In this case, the similar transaction evidence was properly admitted to show Sapeu's motive in physically abusing family members to instill "discipline." Accordingly, this enumeration is without merit.

5. Sapeu asserts that he was denied effective assistance of trial counsel. Sapeu contends counsel was ineffective because he did not call certain witnesses and because he did not lay a proper foundation to introduce a letter at trial showing the State dismissed charges against Sapeu for the similar transaction offense.

" 'When inadequate representation is alleged, the critical factual inquiry ordinarily relates to whether the defendant had a defense that was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.' . . . [Cit.]" *Hudson v. State*, 218 Ga. App. 671, 672 (1) (462 SE2d 775) (1995).

At the hearing on Sapeu's motion for new trial, Sapeu testified that he retained trial counsel one month before trial and gave him a list of potential witnesses. He stated that he met with trial counsel several times before trial, that counsel included him in the process of preparing for trial, that counsel presented testimony from some of the witnesses on the list, and that counsel was retained to make the ultimate decisions concerning which witnesses to call.

Trial counsel also testified at the hearing. He stated that once retained by Sapeu, he had limited time to prepare for trial and, although trial counsel requested a continuance, the court denied the request. Trial counsel testified that Sapeu continued giving him names of potential witnesses and that he spoke to each of the potential witnesses and even wrote them twice. He further stated that there were instances where he had conference calls with Sapeu and potential witnesses and that some of these calls lasted late into the night. Trial counsel stated that Sapeu participated in all the decisions made concerning the trial, including which witnesses to call.

Under these circumstances, the trial court's determination that Sapeu was provided effective assistance of counsel was not clearly erroneous. Decisions regarding which witnesses to call at trial are strategic decisions which are within the exclusive province of trial

counsel after consultation with the client. Id. It is clear that trial counsel consulted with Sapeu concerning all aspects of trial preparation before deciding which witnesses to call.

Neither was the trial court required to grant Sapeu's motion for new trial because trial counsel failed to properly introduce a letter showing the State dismissed the charges arising from the similar transaction offense. A State's witness testified at trial that the similar transaction charges were dismissed. Accordingly, the letter would have been cumulative of evidence already before the jury. Under such circumstances, Sapeu has not shown there is a reasonable probability that, but for counsel's failure to introduce the letter, the result at trial would have been different. See id.; *Creech v. State*, 171 Ga. App. 217 (1) (319 SE2d 76) (1984). This enumeration is without merit.

6. Similarly without merit is Sapeu's argument that the trial court erred in failing to admit the letter into evidence. He acknowledges in his appellate brief that a proper foundation was not laid for admitting the letter, but contends that it should have been admitted "out of a sense of fair play and decency." We are asked to assuage guilt with grace. Unfortunately for Sapeu, such is not an appellate court function. Moreover, Sapeu has presented no argument or authority supporting this contention or otherwise showing that the trial court erred in refusing to admit the letter. Accordingly, this enumeration presents nothing for our review. See Court of Appeals Rule 27 (c) (2).

7. Sapeu asserts the trial court erred in failing to give his requested charge on accident and on a lesser included offense of simple battery.

(a) Sapeu contends that the court was required to give the charge on accident because the evidence at trial showed that his wife accidentally poured hot water on the child. Such evidence, however, does not show that Sapeu accidentally poured scalding water on the child, and Sapeu has not cited any such evidence in the record. Because the charge was not supported by the evidence, the trial court did not err in refusing to give it. See *Jirles v. State*, 204 Ga. App. 268 (2) (419 SE2d 117) (1992). "Jury charges should be submitted on the bases of evidence and applicability, not on the bases of habit and hope." *Williams v. State*, 221 Ga. App. 296, 297 (471 SE2d 258) (1996).

(b) Sapeu's assertion concerning a charge on simple battery is not supported in his brief by argument or citation of authority and is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2).

8. Sapeu asserts the trial court erred in refusing to allow his wife to testify at the similar transaction hearing even though she violated the rule of sequestration.

"Although there have been conflicting cases regarding the com-

petency to testify of witnesses who have violated the rule of sequestration, the Supreme Court has held that 'a witness who has violated the rule of sequestration in a criminal case shall not be prevented from testifying. (Cits.)' [Cit.] Violation of the rule by any witness in a criminal trial goes to the issue of credibility, not admissibility, of the witness' testimony. [Cit.]" *Weathers v. State*, 202 Ga. App. 849, 850 (1) (415 SE2d 690) (1992).

The record shows that Mrs. Sapeu was permitted to testify during the trial concerning the similar transaction offense. As shown by her testimony, Mrs. Sapeu's version of the similar transaction incident was substantially similar to the account given by Sapeu in his testimony at the similar transaction hearing. Even in light of Sapeu's testimony, the trial court ruled that the similar transaction evidence was admissible. As we stated in Division 4, the trial court's ruling on the admissibility of this evidence was not error. Accordingly, considering the fact that the trial court heard a similar version of the similar transaction incident at the similar transaction hearing, and the fact that the jury convicted Sapeu even after hearing Mrs. Sapeu's testimony at trial, the trial court's error in excluding her testimony at the hearing was harmless. See id. An error devoid of harm passes into unproductive nothingness.

Sapeu's contentions that the trial court erred in excluding testimony from other witnesses are unsupported and deemed abandoned. Court of Appeals Rule 27 (c) (2).

9. Sapeu asserts the trial court erred in admitting a tape recording of his custodial statement because he was not informed of his rights prior to giving the statement and because the statement was not freely and voluntarily made.

"A trial court's conclusions of fact and credibility following a [hearing under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)] are to be accepted unless clearly erroneous. [Cits.]" *Yorker v. State*, 266 Ga. 615, 617 (4) (469 SE2d 158) (1996). In this case, contrary to Sapeu's assertions, the transcript shows that prior to giving the tape recorded statement, he was advised of each of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), he voluntarily waived his rights, and he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury. "Thus, there was no error in the trial court's ruling in favor of admissibility. [Cits.]" *Yorker*, supra at 617.

10. In his final enumeration of error, Sapeu's appellate counsel states that "[a]t the request of the client, he argues all points listed in Paul Sapeu's brief and arguments incorporated by reference [in] his motion for a new trial and his amended motion for a new trial." To the extent that this enumeration asserts a claim of error, it is deemed abandoned. It is not supported in the brief by citation of

authority, argument, or reference to the record. Court of Appeals Rule 27 (c).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 15, 1996.

*Nan M. Deegan*, for appellant.

*Robert E. Keller, District Attorney, Brian J. Amero, Assistant District Attorney*, for appellee.