A. W. Fite, solicitor-general, by A. S. Johnson, contra.

## KEATON v. THE STATE.

Simmons, C. J.—1. In charging concerning that part of the law of self-defense which makes it justifiable to kill another who manifestly intends or endeavors to commit a felony on the slayer, the court should not in effect instruct the jury that if the homicide in question was committed in resistance to a felonious assault which was actually being made upon the ac-

cused, it was essential to his justification that it should also appear that the killing was not done in a spirit of revenge. It is proper, in charging as to the law of reasonable fears, to instruct the jury that where one seeks to justify a homicide upon the ground that it was committed in consequence of such fears, it must appear "that the party killing really acted under the influence of those fears, and not in a spirit of revenge." Instructions as to these two distinct branches of the law of self-defense should not, however, be so given as to confuse the one with the other, or make a qualification appropriate only to the latter apply to the former.

2. Under the facts of this case, a charge that "if there should have been an interval between the assault or provocation given and the homicide, sufficient for the voice of reason and humanity to be heard, the killing will be attributed to deliberate revenge, and be punished as murder," though in the abstract a correct proposition of law, was not, without some appropriate qualification, fairly adjusted to the issues presented.

3. That the court, after properly charging the law with reference to the statement of the accused, added the following words, "It is your province to give such weight to the evidence and statement as you see proper, bearing in mind that defendant's statement is not under oath, and sworn evidence is under oath," is not cause for a new trial, it appearing that this language was immediately followed by the additional instruction: "This distinction, however, will not control you in the consideration of the evidence or statement, they being entirely within your province."

4. The knowledge or ignorance of the accused as to the whereabouts of the deceased at a particular moment being a matter of vital importance, it was error to reject evidence tending to show that the position of the accused in a room was such that he did not have a good opportunity for observing where the deceased actually was at the moment in question.

5. It is not now necessary to rule upon the various questions of practice, or other matters, to which many of the grounds of the motion for a new trial relate, they being such as will not probably arise at the next hearing.        *Judgment reversed.*
April 27, 1896.

Indictment for murder.   Before Judge Bower.   Calhoun superior court.   December term, 1895.

Keaton was charged with the murder of Lingo, and was convicted of voluntary manslaughter.   His motion for a

new trial was overruled, and he excepted. The motion was upon the following among other grounds:

1. Error in charging the jury: "If you believe that at the time of killing the deceased was attempting to commit a serious personal injury upon the defendant, not amounting to a felony, and that the defendant killed the deceased to prevent such serious personal injury, defendant would not be guilty of murder, but you should find him guilty of voluntary manslaughter. If you believe that the circumstances were such that it would appear to a reasonably brave man that the deceased was about to commit a serious personal injury upon the defendant, not amounting to a felony, and acting under these fears the defendant killed the deceased to prevent such personal injury, the defendant would not be guilty of murder, but would be guilty of voluntary manslaughter, and you should so find. If you believe from the evidence that at the time of the killing deceased was attempting to commit a serious personal injury upon the defendant, amounting to a felony, or that deceased was making an assault with intent to murder, upon defendant, with a weapon likely to produce death, or if the circumstances were such as to make a reasonably brave man believe such was the case, and the defendant killed the deceased to prevent such an assault with intent to murder, or such believed assault with intent to murder, and not in a spirit of revenge, then you should find the defendant not guilty."

2. Error in charging: "If there was an unprovoked assault made on the defendant by the deceased previous to the killing, and there was not a sufficient interval for the passion of the defendant to cool and the voice of reason and humanity to be heard, and the defendant killed deceased in this heat of passion, he would not be guilty of murder but would be guilty of voluntary manslaughter; but if the interval between the assault or provocation given, and the killing, was sufficient for the voice of reason and

humanity to be heard, then the killing would be attributed to deliberate revenge, and you should find him guilty of murder." The specific error assigned as to this charge is that the previous difficulty had nothing to do with the killing, all the evidence going to show that it had been settled, and defendant did not claim to have acted by reason of it.

3. Error in charging as shown in the third head-note.

4. When the witness Bill Graham was being examined he was asked, "if Keaton was not in the front of the store so that he could not know as much as he, the witness, knew?" intending to show by this question that the defendant did not know where Lingo was and which way he came. An objection to this question was sustained. The preceding testimony was: "I heard Webb say something to Keaton like, come go to bed. I don't know whether Webb asked Keaton to come go and sleep with him. Keaton followed right after Webb. I don't know that Lingo was out of the rear door."

*J. H. Guerry, J. J. Beck* and *G. H. Dozier*, for plaintiff in error. *W. E. Wooten, solicitor-general*, contra.