### SURLES *v.* THE STATE.

ATKINSON, J. 1. Where the evidence relied upon by the State to establish the fact of the homicide discloses circumstances of mitigation or justification, such evidence does not raise a presumption of malice. *Dowdy* v. *State*, 96 *Ga.* 653 (23 S. E. 827); *Green* v. *State*, 124 *Ga.* 343 (52 S. E. 431; *Mann* v. *State*, 124 *Ga.* 760 (53 S. S. 224, 4 L. R. A. (N. S.) 934); *Elliott* v. *State*, 132 *Ga.* 758 (64 S. E. 1090). Accordingly, as the evidence in this case relied on to prove the homicide also tended to show mitigation and justification, it was error to charge the jury: "Where one is charged with murder and evidence is produced that shows that the person charged and on trial for the offense of murder killed the person alleged to have been murdered, that authorizes you to infer that he did so with malice, unless it appears that he did so under circumstances of justification or of mitigation. Where the State produces evidence showing the killing, nothing else appearing,

the State is not required to go further and show that there was malice or a malicious intent; but you are authorized, from a killing occurring under those circumstances, to infer that it was done maliciously and was therefore murder, unless the contrary is made to appear."

2. Where the judge on the trial of one charged with murder undertakes to define that offense, and malice, as employed in the definition of murder, it is better to charge in the language of the Penal Code, §§ 60, 61, 62. The charge on these subjects, upon which error was assigned, was inaccurate and confusing.

3. In charging on the law of justifiable homicide, it is erroneous to instruct the jury: "The law will not permit one to kill for anything less than to save his own life or prevent a felony being committed on his person." While the jury would probably understand, from the connection in which the words were used, that the court meant that it was only where the killing occurred under such circumstances that it would be justifiable homicide, yet it might be construed as excluding the lesser grades of homicide, and the defense of one acting under the fears of a reasonable man.

4. A felony is defined in the Penal Code, § 2, as "an offense, for which the offender, on conviction, shall be liable to be punished by death or imprisonment in the penitentiary, and not otherwise." Whether an assault and battery committed by striking one over the head with a "rifle" would amount to a felony, would be a question for the jury; and it was erroneous under the facts of this case to charge the jury that "an ordinary assault and battery, or an ordinary striking, would not be a felony."

5. It was erroneous to give without qualification the following charge: "No matter what the other circumstances may be; if one acts in a spirit of revenge in taking human life, the law will not hold a killing under circumstances of that sort justifiable." *Keaton* v. *State*, 99 *Ga.* 197 (25 S. E. 615).

6. A witness whom it is sought to impeach by disproving the facts testified to by him can not be sustained by proof of general good character. *Bell* v. *State*, 100 *Ga.* 78 (27 S. E. 669). But the defendant can not complain that the court committed error in charging to the contrary, when the witness whom it was sought to sustain in this manner was his own witness.

7. The provisions of the Penal Code, § 73, relating to the law of self-defense in cases of mutual combat, and § 71 relating to killing in self-defense on account of an apparent necessity, should not be charged in such manner as to confuse the two defenses. *Jordan* v. *State*, 117 *Ga.* 405 (2) (43 S. E. 747); *Waters* v. *State*, 146 *Ga.* 102 (90 S. E. 712); *Franklin* v. *State*, 146 *Ga.* 40 (90 S. E. 480); *White* v. *State*, 147 *Ga.* 377 (5), 383 (94 S. E. 222); *Smith* v. *State*, 147 *Ga.* 689 (95 S. E. 281).

8. The remaining grounds of the motion for new trial are not of such character as to require discussion. None of them show cause for reversal.          *Judgment reversed. All the Justices concur.*

No. 881. November 15, 1918.

Indictment for murder. Before Judge Highsmith. Wayne superior court. February 16, 1918.

*James R. Thomas, Wilson & Bennett, Edwards & Lester,* and *J. E. Pottle,* for plaintiff in error.

*Clifford Walker,* attorney-general, *Alvin V. Sellers,* solicitor-general, *Thomas & Walker,* and *M. C. Bennet,* contra.