29046. KNIGHT *v.* THE STATE.

DECIDED SEPTEMBER 17, 1941. REHEARING DENIED OCTOBER 8, 1941.

*James R. Whitaker, William A. Ingram,* for plaintiff in error.

*J. H. Paschall, solicitor-general, C. C. Pittman, Neel & Ault,* contra.

BROYLES, C. J.   John Knight was tried on an indictment charging that he murdered Andrew Weinman, and was convicted of voluntary manslaughter.   His motion for new trial was overruled and that judgment was assigned as error.

The undisputed evidence disclosed the following facts: Between ten and eleven o'clock at night, in the apartment of Mr. and Mrs. Johnsey in Cartersville, Georgia, the defendant and the deceased quarreled, and the deceased knocked the defendant down.   The defendant arose and started towards the deceased, when Mrs. Johnsey stepped in front of the defendant and told him he had better go on home and he replied: "All right, I have respect for you and I will go home."   The defendant then went out of the apartment and all of the persons in the house thought that he had gone home. When the defendant left the apartment, Mr. Johnsey and a Mr. Hale were holding the deceased.   After the defendant's departure they released the deceased, and Mrs. Johnsey, Johnsey, and Hale talked with him for five or ten minutes.   The talk was friendly and all thought the defendant had gone home and that the trouble was over.   The deceased said he believed he too would go home, and went to a wash basin in the room, washed his face and hands and combed his hair, and then opened the door of the apartment, closed it behind him, and stepped out.   He had time to take only about three steps when the persons in the house heard a shot.   The Johnseys and Hale rushed out and saw the deceased lying on the ground, just off the porch, bleeding profusely, and the defendant was standing near-by with a pistol in his hand.   No other person was in sight.   An unlighted cigarette was hanging in the deceased's mouth, and a box of matches was on the ground beside him.   None of those who rushed out at the sound of the shot saw any bruises or blood on the defendant.   The deceased was shot in the neck and

died from the wound the following morning. He became conscious about two hours after he was shot, and the physician attending him testified that the deceased asked him if he (the deceased) had been in a wreck and if his little daughter, Virginia, had been hurt; that he was told he had been shot and he then asked who had shot him. This testimony, together with the other undisputed evidence in the case, strongly tended to show that the deceased was shot as he stepped out of the apartment and that he did not know who shot him. The defendant in his statement to the jury admitted the shooting, but claimed that the deceased had knocked him down and was standing over him and beating him and that he shot in self-defense. The statement was evidently rejected by the jury, and their verdict was amply authorized by the evidence.

The only two cases cited in behalf of the accused to sustain the contention that the verdict was not authorized by the evidence are *Green* v. *State,* 124 *Ga.* 343 (52 S. E. 431), and *Surles* v. *State,* 148 *Ga.* 537 (97 S. E. 538), where the Supreme Court held that "Where the evidence relied upon by the State to establish the fact of the homicide discloses circumstances of mitigation or justification, such evidence does not raise a presumption of malice." In each of those cases the defendant was convicted of murder, and the ruling is not applicable to a case of voluntary manslaughter where malice is not involved. The evidence was sufficient to show that the defendant killed the deceased, and the State did not have to rely on the admission of the defendant, made in his statement to the jury, that he was the killer. The special grounds of the motion for new trial complain of certain excerpts from the charge of the court and of the failure to charge certain principles of law. The grounds, when considered in the light of the charge as a whole and the facts of the case, show no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*