## 34705. CROLGER *v.* THE STATE.

DECIDED JULY 14, 1953.

*Reuben A. Garland, Anthony Alaimo,* for plaintiff in error.
*Paul Webb, Solicitor-General, Wm. E. Spence, Jeptha C. Tanksley, Charlie O. Murphy,* contra.

TOWNSEND, J. The defendant expressly abandons the general grounds of his motion for new trial, but contends that the trial court erred in charging the jury on the defense of justification. The judge charged the language of Code § 26-1011 as follows: "Justifiable homicide is the killing of a human being . . . in self-defense or in defense of habitation, property or person, against one who manifestly intends or endeavors, by violence or

surprise, to commit a felony on either, or against any person who manifestly intends or endeavors, in a riotous and tumultuous manner, to enter the habitation of another to assault or offer personal violence to any person dwelling or being therein." Immediately thereafter he charged the provisions of Code § 26-1012, as follows: "A bare fear of any of those offenses to prevent which a homicide is alleged to have been committed shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man and that the party killing really acted under the influence of those fears and not in a spirit of revenge." Later the following, to which the exception is taken, was charged: "I charge you that, if the jury should believe that the defendant shot and killed the person named in the indictment, but that at the time of the killing the deceased was committing or attempting to commit a felonious assault upon the person of the defendant or the defendant's property or habitation, or that the circumstances were such as to excite the fears of a reasonable person that the deceased was attempting, endeavoring or about to commit a felonious assault upon the person, habitation or property of the defendant, and that the defendant shot and killed the person named in the indictment under those circumstances and not in a spirit of revenge, then and in that event, the jury should acquit the defendant." It is contended that this language was error, in that "it commingled the law of self defense which makes it justifiable to kill another who manifestly intends or endeavors to commit a felony on the slayer, with the law of justifiable homicide based on reasonable fears, and therefore was misleading and confusing to the jury." If, as contended, this charge placed a greater burden than the law requires on the slayer to make out his defense of justification, then such charge would be error. However, to charge Code § 26-1012 in connection with § 26-1011 is always proper. *Ellison v. State,* 137 *Ga.* 193 (3) (73 S. E. 255); *Marcus v. State,* 149 *Ga.* 209 (2) (99 S. E. 614); *Bryant v. State,* 157 *Ga.* 195 (3) (121 S. E. 574). Code § 26-1012 "is so connected with the provisions of section 70 [§ 26-1011] as that it must be considered with that section in every case to which it is applicable." *Palmour v. State,* 116 *Ga.* 269, 271 (42 S. E. 512). When one contends that he acted under the fears of a

568

reasonable man (that is, under apparent rather than absolute necessity), it must appear that he did act under such fears, and not in a spirit of revenge. However, if he must take his adversary's life in order to save his own or to prevent the commission of a felony upon his person, property, or habitation, then it matters not what feelings of malice or revenge he may also entertain. *Golden* v. *State,* 25 *Ga.* 527 (4); *Keaton* v. *State,* 99 *Ga.* 197 (1) (25 S. E. 615); *Surles* v. *State,* 148 *Ga.* 537, 538 (5) (97 S. E. 538); *Shafer* v. *State,* 193 *Ga.* 748, 757 (20 S. E. 2d 34). In consequence, it would be error to charge the jury, as was done in the *Surles* case, supra, that no matter what the circumstances might be, a killing which is committed in a spirit of revenge is never justifiable. No such error was committed here by the mere juxtaposition, in the charge, of the provisions of Code §§ 26-1011 and 26-1012, nor did this charge place a greater burden upon the defendant than that required by law in establishing his defense.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*