## 66081. POWELL v. THE STATE.

BANKE, Judge.

In this appeal from his conviction for selling cocaine in violation of the Controlled Substances Act, the appellant contends that he was found guilty solely on the basis of the uncorroborated testimony of an accomplice.

The appellant was jointly indicted for the offense along with two other persons, Bradford Lee Cofield and Quinton Emanuel Maddox. Testifying against the appellant and Maddox at trial, Cofield stated that Maddox had contacted him to arrange a cocaine purchase for a friend and that in response, he (Cofield) had contacted the appellant. Maddox later came to Cofield's apartment to consummate the transaction, accompanied by two undercover officers. The two officers showed Cofield $2,600 in cash which they were prepared to pay for the cocaine, and Cofield telephoned the appellant to tell him everything was arranged. Cofield, Maddox, and the undercover

officers then went outside to the parking lot in front of Cofield's building to await the delivery of the cocaine; and, a few minutes later a large, older model Buick approached them, prompting Cofield to state, "There he come." The Buick drove around to the other side of the building, and Cofield followed on foot. He returned a few minutes later carrying a package of cocaine and accepted the $2,600 from the officers. He and Maddox were placed immediately under arrest and were driven around to the other side of the building, where the appellant was observed waiting in a Buick identical in appearance to the one which had been driven by the parking lot earlier. Only one of the officers testified at trial. He stated that when he and the other officer approached the Buick, the appellant got out and said, spontaneously, "I didn't give anybody any cocaine, that's not my dope." The appellant denied having made any such statement. Maddox testified that he did not hear it, and Cofield was not questioned about it. *Held:*

"[T]he testimony of an accomplice must be corroborated by independent evidence tending to connect the accused with the crime or leading to an inference that the accused is guilty. The evidence must do more than merely cast a grave suspicion of guilt on the accused. See *West v. State,* 232 Ga. 861 (2) (209 SE2d 195) (1974). However, slight evidence from an extraneous source identifying the accused as a participator in the criminal act is sufficient corroboration of the accomplice to support a verdict." *Carter v. State,* 237 Ga. 617, 618 (229 SE2d 411) (1976). See generally OCGA § 24-4-8 (Code Ann. § 38-121).

The corroborating circumstances in this case are more than ample to identify the appellant as a participant in the transaction, and the evidence was sufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

Decided April 25, 1983.

*Ray Woolfolk,* for appellant.

*Lewis R. Slaton, District Attorney, Jerry W. Baxter, Richard E. Hicks, Assistant District Attorneys,* for appellee.