## A93A0123. ALLEN v. THE STATE.
(432 SE2d 600)

POPE, Chief Judge.

Defendant Susan Elaine Allen was convicted of possession of methamphetamine with intent to distribute and she appeals.

1. Defendant first asserts that the trial court erred in denying her motion for directed verdict of acquittal because the evidence was insufficient to sustain a conviction. The evidence viewed in the light most favorable to the verdict shows that in the four months preceding her arrest defendant stayed between ten and twenty times in a small dwelling house in the back yard of a larger house in Duluth. The police obtained a search warrant for the larger house and its curtilage. Once they arrived to commence the search, they made observations that led them to believe that the smaller house was also occupied. A separate search warrant was obtained for the smaller house. When the officers entered the smaller house to search it they found defendant attempting to flee. Inside the smaller house was a small closet-like room which contained laboratory equipment, including gas burners, hand-held torches, a hot plate and glass beakers. A bag of methamphetamine was found in the vanity in the bathroom. Inside another bag found in the house was an identification card belonging to defendant along with records and recipes relating to a drug operation. A bottle of ether was found in the kitchen of the small house and an oxygen tank was found in the bedroom. The officers described the strong unpleasant odor which permeated the house and one officer testified he later learned the smell was consistent with that produced by the manufacture of methamphetamine. When the defendant was informed she was charged with manufacturing drugs she stated to one of her co-defendants: "They can't charge us with that, they didn't find nothing except maybe that hot plate maybe we had in the back." She also said, "We weren't cooking anything."

"Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State*, 121 Ga. App. 41, 42-43 (172 SE2d 480) (1970). In this case however, evidence in addition to defendant's mere presence at the premises was presented, including the fact that defendant's identification card was found in the same bag as that containing notes relating to a drug operation and defendant's incriminating spontaneous statement. Thus, the evidence did more than merely cast a grave suspicion of guilt upon defendant and was sufficient to enable a rational trier of fact to find her guilty beyond a reasonable doubt. See *Powell v. State*, 166 Ga. App. 393 (304 SE2d 515) (1983).

2. Defendant next argues the trial court abused its discretion by

allowing one of the officers who conducted the search of the premises to remain in the courtroom during the testimony of other witnesses and to testify after hearing the testimony of other witnesses despite defendant's request to invoke the rule of sequestration. "[T]he proper procedure in situations where the rule has been invoked and the district attorney needs the assistance of a witness during the prosecution of a case, is for him to specifically request that the trial judge make an exception to the rule at the commencement of the evidence. The trial judge should exercise his discretion so that 'the fair rights of the opposite party are secured or the impairment of the efficiency of the court avoided . . .' [Cits.] If the request is granted, the district attorney should present the excepted witness first or explain to the satisfaction of the trial court why the witness cannot be called first. [Cits.]" *Parham v. State*, 135 Ga. App. 315, 320-321 (217 SE2d 493) (1975). The transcript shows the trial court in this case granted the exception to the rule in response to a representation by the prosecutor that the officer's presence was needed to assist the prosecutor with the trial and rejected the defendant's request that the officer be required to testify as the first witness, stating there are many reasons for not requiring the officer to testify first, such as the necessity of presenting the testimony of crime lab witnesses. It is obvious that the trial court was referring to the necessity of presenting crime lab witnesses at the time they are present in court. In fact, one of the three witnesses who testified before the officer who was allowed to remain in the courtroom was a crime lab witness. While it is preferable to present the testimony of the witness who is allowed to remain in the courtroom before the testimony of other witnesses, the defendant demonstrated no harm in the procedure followed in this case and we cannot say that the trial court abused its discretion in permitting the officer to testify after other officers who also participated in the search had testified. See *James v. State*, 143 Ga. App. 696 (2) (240 SE2d 149) (1977).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 8, 1993.

*Ronnie K. Batchelor*, for appellant.
*Daniel J. Porter, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.