A98A2099. DILL v. THE STATE.
(508 SE2d 739)

BLACKBURN, Judge.

Following a jury trial, John R. Dill appeals his conviction of driv-

ing under the influence of alcohol,[1] contending: that the trial court erred (1) by denying his motion for a directed verdict of acquittal; (2) by denying his request to charge that a defendant has certain rights to refuse a breathalyzer test; and (3) by permitting a witness whose name was misspelled on the witness list to testify. For the reasons set forth below, we affirm.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Dill] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." (Citation and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

On October 19, 1997, Dill was involved in a traffic accident with Matthew Parker. Parker testified that Dill drove his car through a red light and collided with his car. The accident was investigated by Officer Deborah Johnson. While questioning Dill at the scene, Johnson detected the strong smell of an alcoholic beverage on Dill, and she observed that his eyes were watery, his pupils were dilated, his speech was slurred, his balance was unsteady, and his demeanor was agitated. Officer Johnson asked Dill to recite the alphabet, and he omitted letters during his recitation. Both Parker and another witness, Mario Page, testified that they smelled an alcoholic beverage on Dill at the scene.

1. Dill contends that the trial court should have granted his motion for a directed verdict of acquittal. The evidence here was sufficient to support the verdict against Dill. See, e.g., *Garrett v. State*, 230 Ga. App. 97, 98 (2) (495 SE2d 579) (1998); *Bayer v. State*, 230 Ga. App. 708, 711 (4) (497 SE2d 266) (1998).

2. Dill contends that the trial court erred by refusing to give the jury the following instruction: "Ladies and Gentlemen of the jury I charge you that: OCGA § 40-5-55 and OCGA § 40-6-391 grant a right to a defendant by providing for refusal to take such test."

The record contains the following facts relative to this issue. After Officer Johnson arrested Dill for driving under the influence, she escorted him to the police station to perform a breathalyzer test.

---

[1] Dill was also charged with driving with no proof of insurance and disobedience of a traffic control device. The trial court granted Dill's motion for a directed verdict with regard to the no proof of insurance charge, and the jury found Dill not guilty of disobedience of a traffic device.

Although Dill agreed to take the test, which is accomplished by having the subject blow into a tube, he failed to perform it properly. Instead of blowing into the tube, Dill sucked air out of the tube, preventing a reading. On appeal, Dill contends that this behavior was tantamount to a refusal, and, as such, his requested charge should have been given to the jury.

"A request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and it must not be so phrased as to have tendency to confuse and mislead the jury or to becloud the issues in the case." (Punctuation omitted.) *Register v. State*, 229 Ga. App. 648 (1) (494 SE2d 555) (1997).

Pretermitting the issue of whether Dill's performance on the breathalyzer test should be considered a refusal, his requested instruction was an incomplete statement of the law. While OCGA §§ 40-5-55 and 40-6-392 do give an individual the right to refuse a blood-alcohol test, OCGA § 40-6-392 (d) provides that evidence of such refusal may be used against anyone who refuses in a criminal trial. Moreover, Dill's requested instruction improperly cited OCGA § 40-6-391 as the source defining his right to refuse rather than OCGA § 40-6-392, and it provided an improper case citation as general precedential support. Dill's requested instruction, therefore, was neither correct nor complete, and it was not error for the trial court to refuse to give it.

3. Dill contends that the State failed to include Matthew Parker on its witness list pursuant to OCGA § 17-16-21, and, as such, the trial court erred in allowing Parker to testify. Due to a typographical error, Parker's name was listed as "Matthew E. Porker" on the list of State witnesses. Parker's correct address was listed along with his misspelled name.

OCGA § 17-16-21 provides: "Prior to arraignment, every person charged with a criminal offense shall be furnished with a copy of the indictment or accusation and, on demand, with a list of the witnesses on whose testimony the charge against such person is founded. Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses."

"The transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial. The record here shows that the witness was identified suffi-

ciently for counsel to have had an opportunity to interview [him] prior to trial. Furthermore, remedies available for defendant are a continuance or a mistrial, neither of which was sought here." (Citation and punctuation omitted.) *Moody v. State*, 258 Ga. 818, 821 (4) (375 SE2d 30) (1989). Accordingly, this enumeration of error lacks merit.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 3, 1998 —
RECONSIDERATION DENIED NOVEMBER 13, 1998.

*Timothy T. Herring*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Tony E. Mathis, W. Cliff Howard, Assistant Solicitors*, for appellee.