## S99A0168. BLACKWELL v. THE STATE.
### (512 SE2d 233)

BENHAM, Chief Justice.

Appellant Patrick Aaron Blackwell was convicted of felony murder, with the underlying felony being armed robbery, in connection with the September 20, 1995 death of Douglas Maddox.[1] He was also found guilty of possessing a firearm during the commission of a crime, and pleaded guilty to the charge he was a convicted felon in possession of a firearm.

1. Appellant contends the evidence presented by the State was not sufficient to authorize the verdicts returned by the jury. The State presented a witness who saw appellant with the victim in the victim's blue van shortly before shots were fired and the victim's body was discovered with four .38 caliber gunshot wounds to the abdomen. Another witness saw the blue van leave the scene of the shooting as the witness was calling police to report having heard the shots being fired. The victim's van was found 1-1½ blocks from appellant's abode

---

[1] The crimes occurred between 10:00-11:00 a.m. on September 20, 1995, and appellant was arrested in the early morning hours of September 21. An indictment charging appellant with malice murder, felony murder/aggravated assault, felony murder/armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon, was returned on November 29, 1995. Appellant's two-day trial commenced July 1, 1996, and ended with the jury's return of two guilty verdicts on July 2, and appellant's entry of a plea of guilty to the convicted felon possession count. Appellant was sentenced to life imprisonment for the felony murder, and consecutive terms of twenty years and five years for armed robbery and for using a firearm. He received a concurrent five-year sentence for having possessed a gun while a convicted felon. Appellant's motion for new trial, filed July 9, 1996, and amended February 6 and March 6, 1998, was the subject of a hearing held May 8, 1998. The amended motion for new trial was denied July 20, 1998. After the notice of appeal was filed August 5, the appeal was docketed in this Court on October 26, and submitted for decision on the briefs.

within two hours of the homicide. A police detective who interviewed appellant three times on September 20 played for the jury his tape-recorded conversations with appellant in which appellant initially stated he knew nothing of the crimes; then told the detective that he had seen another man kill the victim; and, in the last interview, admitted shooting the victim with a .38 caliber handgun, taking $30 from the victim's wallet, and driving away in the victim's van. The victim's wallet was recovered after appellant led officers to the place where he had disposed of it. The weapon was not recovered, although appellant took officers to the street where he said he had thrown the gun.

Contrary to appellant's assertions, the evidence was sufficient to authorize a rational trier of fact to find that appellant was guilty beyond a reasonable doubt of felony murder/armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the 20-year sentence imposed for armed robbery must be vacated since armed robbery was charged only as the underlying felony of the felony murder charge. See *Hawkins v. State*, 267 Ga. 124 (2) (475 SE2d 625) (1996).

2. Appellant asserts that his inculpatory statements to police were not sufficiently corroborated by other evidence to authorize appellant's convictions. OCGA § 24-3-53 recognizes that "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." Proof of the corpus delicti is sufficient corroboration and, in a murder case, the corpus delicti is established by proof that the victim is dead, that the death was caused by violence or the direct criminal agency of another human being, and that the accused caused the death in the manner charged. *Grimes v. State*, 204 Ga. 854 (1) (51 SE2d 797) (1949). The State presented sufficient evidence independent of appellant's confessions that the victim died from gunshot wounds inflicted by another human being using a .38 caliber weapon or a .357 Magnum shortly after appellant was seen in the victim's company. Since the material portions of appellant's confessions were corroborated by other evidence presented at trial, the trial court did not err in admitting into evidence appellant's confessions. *Barnes v. State*, 260 Ga. 398 (2) (396 SE2d 207) (1990).

3. Appellant next contends the trial court erred when it found appellant's statements to police to have been freely and voluntarily made without threats or hope of benefit or reward after appellant had been given the warnings set forth in *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), by police officials. At the conclusion of the hearing held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court ruled admissible appellant's statements to police.

A trial court's findings of fact and credibility following a *Jackson-Denno* hearing must be accepted by an appellate court unless clearly erroneous. *Yorker v. State*, 266 Ga. 615 (4) (469 SE2d 158) (1996). During the pre-trial hearing, the State presented forms signed by appellant acknowledging receipt and understanding of his constitutional rights and agreeing to answer questions posed by police. The State also played the audiotaped portions of the interviews in which appellant expressed a willingness to talk with police after having been advised repeatedly of his *Miranda* rights. The police detectives involved in taking appellant's statements testified that appellant displayed a calm, relaxed demeanor and that they neither threatened appellant nor extended to him a hope of benefit or reward in exchange for his statements. Since the trial court's findings are supported by the evidence and are not clearly erroneous, the trial court did not err in ruling the statements admissible. *Head v. State*, 262 Ga. 795 (3) (426 SE2d 547) (1993).

4. Finally, appellant contends he was denied effective assistance of trial counsel because trial counsel failed to have appellant testify at the *Jackson-Denno* hearing and counsel failed to "adequately" impeach two of the State's witnesses. After hearing testimony from appellant and trial counsel at the hearing on appellant's amended motion for new trial, the trial court described the decision not to have appellant testify at the *Jackson-Denno* hearing as a "very understandable" trial tactic, and concluded that appellant was not harmed by not testifying at the hearing or by the purported failure to impeach the two witnesses at issue.

> "In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." [Cit.] "There is a strong presumption that the performance of trial counsel 'falls within the wide range of reasonable professional assistance.' [Cit.]" [Cit.] "The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case." [Cit.] . . . "The test for reasonable attorney performance . . . [is] whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . ."

*Stansell v. State*, 270 Ga. 147 (2) (510 SE2d 292) (1998). Applying the "reasonable attorney performance" test to trial counsel's tactical decision to have appellant recant his confessions before the jury rather than in a pre-trial hearing, we conclude that trial counsel's actions

were reasonable and, even if unreasonable, appellant suffered no harm since his assertions concerning his pre-confession demeanor and the officers' purported behavior were aired before the jury which did not find appellant's version of events to be credible. See *Robinson v. State*, 231 Ga. App. 368 (6) (498 SE2d 579) (1998). Turning to the issue of witness impeachment, our review of the record shows that when trial counsel cross-examined one of the police detectives, the witness admitted that his testimony differed in a crucial aspect from the written report he had made of his interview with appellant. The other witness who appellant claims was not sufficiently impeached was the man who heard the fatal shots fired and called police. Appellant has presented no evidence to show that counsel was deficient in failing to impeach the witness and that appellant suffered prejudice from that purported deficiency. Accordingly, we agree with the trial court's determination that appellant did not overcome the strong presumption that effective assistance of counsel was rendered.

*Judgment affirmed and sentence vacated in part. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

*Mark J. Nathan,* for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.