A00A1462. JACK v. THE STATE.
(536 SE2d 235)

ELDRIDGE, Judge.

A Chatham County jury found Brian T. Jack guilty of three counts of aggravated assault, two counts of possession of a firearm during the commission of a crime, aggravated battery, fighting words, reckless conduct, and discharging a gun on or near a street. The charges arose from an incident on Halloween night, 1997, wherein Jack became enraged at another man who told Jack to drive slower through a subdivision because children were "trick or treating" therein. Following a physical encounter with the man, Jack pulled a gun, shot the man in the stomach, and pointed his gun at a bystander. Jack appeals his conviction. Upon review, we affirm.

1. Under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to sustain the verdict. The incident was witnessed by numerous people who were out "trick or treating" in the subdivision. Accordingly, the State put forth eyewitness testimony that Jack became enraged at being told by the victim to slow down in his own subdivision; that Jack was cursing the victim loudly; that a crowd of two or three "Dads" gathered around and told Jack "you need to watch your language, you need to slow down, you need to leave"; that Jack provoked the victim to approach his vehicle to fight by cursing the victim repeatedly and screaming "you son of a bitch, you come back here and I'll show you whose worth it"; that the victim hit Jack in the face and, almost simultaneously, Jack shot the victim in the stomach; that the victim was unarmed; that Jack exited his vehicle with the weapon and

---

[19] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

pointed it at an off-duty police officer who had tried to intervene; and that, after arrest, Jack stated to the transporting police officer that "I should have shot all four of them." This evidence was sufficient for a rational trier of fact to have found Jack guilty beyond a reasonable doubt of the offenses for which he was convicted. *Metts v. State*, 210 Ga. App. 197 (1) (435 SE2d 525) (1993).

2. We find no violation of the Rule of Sequestration in permitting Chatham County Police Detective M. Izzo to remain in the courtroom during trial. Detective Izzo was the off-duty policeman who was on the scene at the time of the incident; he arrested Jack; and he also wrote the original police report about the incident. The prosecutor asked that Izzo "be allowed to stay in the Courtroom with me to assist me." "This court previously has held that in similar circumstances, the exception of a witness from the rule of sequestration does not constitute an abuse of the trial court's discretion." *Sweat v. State*, 203 Ga. App. 290 (1) (416 SE2d 845) (1992). We find no legal basis for Jack's contention that the above exception to the Rule applies only to the police department's officially designated "lead investigator" of the incident. The exception has been applied to expert witnesses, material witnesses, and others needed to assist the prosecution (or defense) at trial. See, e.g., *Ridley v. State*, 235 Ga. App. 591, 596 (2) (510 SE2d 113) (1998); *Allen v. State*, 208 Ga. App. 854 (2) (432 SE2d 600) (1993); *Greenway v. State*, 207 Ga. App. 511, 514 (4) (428 SE2d 415) (1993).

Further, a violation of the sequestration rule affects only the weight and credibility of the witness' testimony, not its admissibility. *Staley v. State*, 224 Ga. App. 806, 809 (3) (482 SE2d 459) (1997). Although Jack "could have sought to impeach the witness' testimony based on h[is] presence in the courtroom throughout trial, he did not do so. Therefore, he cannot now claim that he is entitled to a new trial." *Ridley v. State*, supra at 596. See also *Tiller v. State*, 267 Ga. 888, 891 (5) (485 SE2d 720) (1997), overruled on other grounds, *Dunagan v. State*, 269 Ga. 590, 593 (2) (a), n. 3 (502 SE2d 726) (1998).[1]

3. We find no error in the trial court's charge to the jury on justification. The court charged the language of the justification statute, defense of self, and defense of habitation. Jack requested the charge as given by the trial court, including that the circumstances must be such as would excite the fears of a reasonable man and that "[f]or the use of force to be justified under the law, the accused must have really acted under the influence of these fears and not in a spirit of

---

[1] Jack makes an additional claim that the trial court should have required Detective Izzo to testify first. However, "[w]e will not address this argument made for the first time on appeal." *Roberson v. State*, 241 Ga. App. 226, 231 (526 SE2d 428) (1999).

revenge." As a matter of law, it is an essential element that, for justification to apply, the act must be committed under the fears of a reasonable man and not committed in a spirit of revenge. *Lackey v. State*, 217 Ga. 345, 347 (122 SE2d 115) (1961).

By way of contrast, Jack also submitted Request to Charge No. 14 as follows:

> When one contends that he acted under the fears of a reasonable man, that is, under apparent rather than absolute necessity, it must appear that he did act under such fears and not in a spirit of revenge. However, if he must take his adversary's life in order to save his own or to prevent commission of felony upon his person, property, or habitation, then it matters not what feelings of malice or revenge he may also entertain.

This language, culled from the case of *Crolger v. State*, 88 Ga. App. 566, 568 (77 SE2d 98) (1953), is not a jury charge but was offered in *Crolger v. State*, supra, as an explanation for why it is error to charge a jury that "no matter what the circumstances might be, a killing which is committed in a spirit of revenge is never justifiable." See also *Surles v. State*, 148 Ga. 537, 538 (5) (97 SE 538) (1918). However, the trial court in this case did not charge the jury that an act that is committed in a spirit of revenge is *never* justifiable. The motive for an act is for the jury to determine, as is the issue of whether a defendant acted under the fears of a reasonable man. *Laney v. State*, 184 Ga. App. 463, 466 (361 SE2d 841) (1987). And thus, the requested language from *Crolger v. State*, supra at 568, was not relevant under the circumstances and would serve only to confuse. "A request to charge must embody a correct, applicable and complete statement of law, . . . and it must not be so phrased as to have [a] tendency to confuse and mislead the jury or to becloud the issues in the case." (Citation and punctuation omitted.) *Dill v. State*, 235 Ga. App. 265, 267 (508 SE2d 739) (1998). We find no error in the trial court's refusal to give Jack's Request to Charge No. 14.

4. There was no error in the admission into evidence of a liquor bottle found in Jack's jacket pocket at the time of his arrest. There was an initial objection to the bottle, and the trial court reserved ruling on its admission. However, the State later tendered the bottle; the trial court asked if there was any objection; and defense counsel answered "None, Your Honor." "The failure to object to the admission of evidence at trial constitutes a waiver of the right to raise the issue on appeal. [Cit.]" *Rhodes v. State*, 271 Ga. 481, 482 (2) (521 SE2d 579) (1999).

5. Jack contends the trial court erred in allowing his statement

to the police to come into evidence, since he had not received *Miranda*[2] warnings prior to giving the statement. However, the trial court held a hearing on this issue and received testimony from Officer M. Allen to whom Jack spoke. Allen testified that he had not given Jack *Miranda* warnings but that Jack spontaneously made the statement "I should have shot all four of them"; that Allen was not questioning Jack at the time he made the statement; and that Jack's statement "come out of nowhere — he just said that. I don't know why he said it, but we was [sic] not talking about the incident." Jack did not testify at the hearing as to this issue. The trial court found that, while Jack was in custody at the time of the statement,

> no interrogation had been initiated by the officer or any agent of the State. That there were no words or actions on the part of the police that would reasonably or likely elicit any incriminating response from the Accused or the Arrestee. Therefore, the Court is going to rule that *Miranda* doesn't even apply and the statement is admissible.

A trial court's findings of fact and credibility following a *Jackson-Denno*[3] hearing must be accepted by an appellate court unless clearly erroneous. *Yorker v. State*, 266 Ga. 615, 617 (4) (469 SE2d 158) (1996). Here, the trial court found that Jack's pre-*Miranda* inculpatory statement to Officer Allen was not subject to suppression because it was not the product of an interrogation or its functional equivalent. See *Metts v. State*, 270 Ga. 481, 483-484 (3) (511 SE2d 508) (1999). Since the trial court's finding is supported by the evidence and is not clearly erroneous, the trial court did not err in ruling Jack's statement admissible. *Blackwell v. State*, 270 Ga. 509, 511 (512 SE2d 233) (1999).

6. Jack claims he received ineffective assistance of counsel at trial because his trial attorney failed to (a) introduce medical record evidence that the victim was intoxicated at the time of the incident, and (b) introduce a booking photograph showing Jack's facial injuries caused by the victim's assault.

To establish a claim of ineffective assistance of counsel, Jack must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Trial strategy and tactics do not equate with ineffective assistance of counsel. *Brantley v. State*,

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

230 Ga. App. 651, 653 (497 SE2d 399) (1998). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990).

At the hearing on the motion for new trial, Jack's trial attorney testified that he was able to put before the jury evidence of the victim's intoxication and evidence of Jack's facial bruises in such a manner as would permit him to retain first and last closing argument. The attorney would have lost final close if he had sought admission of the medical record evidence and the booking photograph. "The decision involved in determining whether the benefit of presenting evidence on defense during a criminal trial outweighs the loss of first and last closing argument is one of trial strategy." *Brantley v. State*, supra at 652-653. See *Brown v. State*, 268 Ga. 354, 357 (4) (a) (490 SE2d 75) (1997). That Jack's current appellate attorney would have opted to lose final closing argument by presenting additional evidence of the victim's intoxication and of Jack's facial injuries does not render trial counsel's contrary decision ineffective. Nor does it show that such *additional* evidence would have altered the outcome of the trial.

> [T]he fact that trial counsel made decisions during trial with which appellant and his current counsel now disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. On neither of the two prongs of *Strickland*, supra, do we find a basis to declare a violation of defendant's rights.

(Citation and punctuation omitted.) *Brinson v. State*, 191 Ga. App. 151, 155 (381 SE2d 292) (1989). Accordingly, the trial court's determination that Jack received effective assistance of counsel was not clearly erroneous and must be affirmed.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2000 —
RECONSIDERATION DENIED JULY 17, 2000

*Zipperer & Lorberbaum, Alex L. Zipperer, Eric R. Gotwalt*, for appellant.

*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.