## S06A1340. SHEFFIELD v. THE STATE.
### (635 SE2d 776)

HINES, Justice.

Henry Sheffield, Jr. appeals his conviction for malice murder in connection with the strangulation of Janice Cunningham. He challenges the sufficiency of the evidence to corroborate his inculpatory statement to police and the sufficiency of the evidence to support the element of intent to kill the victim. Finding the challenges to be without merit, we affirm.[1]

On January 1, 2005, Janice Cunningham was found dead at an abandoned Clayton County gas station, where she often stayed. Her body was nude from the waist down. She had been raped and manually strangled. The prior evening, Cunningham was seen at the gas station drinking beer with a man whom witnesses were able to describe in detail. On January 7, 2005, police responded to a report that Sheffield had been acting suspiciously at a memorial vigil for Cunningham. Police approached him and a detective told Sheffield that he resembled the man seen with Cunningham. Sheffield became nervous and evasive, so police took him in for questioning. After being advised of his *Miranda*[2] rights, Sheffield admitted that he had been drinking beer with Cunningham on the night of December 31, 2004. He related that Cunningham became angry and attacked him with a piece of broken glass when he brought up the subject of sex. He stated that he grabbed her by the neck and that she was gasping for air.

---

[1] The murder of Janice Cunningham and related crimes against her occurred on January 1, 2005. On June 8, 2005, a Clayton County grand jury indicted Sheffield for malice murder, rape, felony murder while in the commission of rape, aggravated assault with the intent to rape, and felony murder while in the commission of aggravated assault with the intent to rape. He was tried before a jury December 12-14, 2005, and was found guilty of all charges. On December 14, 2005, Sheffield was sentenced to life imprisonment for the malice murder; the felony murders stood vacated by operation of law, and the trial court found the rape and aggravated assault merged for the purpose of sentencing. A notice of appeal was filed on January 10, 2006, and the case was docketed in this Court on April 13, 2006. The appeal was submitted for decision on June 5, 2006.

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Although he maintained that Cunningham was still breathing, he admitted that he panicked and ran because "she wasn't moving." He also admitted that he ejaculated on Cunningham, but denied any vaginal penetration.

1. Sheffield contends that the State did not present any evidence to corroborate his "confession," which he maintains was all that connected him to the crimes.[3] However, such contention

> fails to take into account the difference between an admission and a confession. In the former only one or more facts entering into the criminal act are admitted, while in the latter the entire criminal act is confessed. The reason confessions must be corroborated is to ameliorate the danger of a coerced confession or the confession of a mentally unbalanced person providing the entire proof used to convict a defendant. Admissions, on the other hand, do not admit every element of the offense, leaving on the State the burden of proving some elements of the offense by evidence other than the admissions. That evidence need not corroborate the admissions, but must provide proof of those elements of the offense not admitted.

(Citations and punctuation omitted.) *Lowe v. State*, 267 Ga. 180, 181 (4) (476 SE2d 583) (1996). Inasmuch as Sheffield did not admit every element of the charged offenses, his statements to police are more accurately characterized as admissions, rather than confessions.[4]

However, even if Sheffield's statements are deemed to amount to a confession of his guilt, Sheffield's argument does not prevail because the State nonetheless offered sufficient corroborative evidence.

> Proof of the corpus delicti is sufficient corroboration and, in a murder case, the corpus delicti is established by proof that the victim is dead, that the death was caused by violence or the direct criminal agency of another human being, and that the accused caused the death in the manner charged. [Cit.]

*Blackwell v. State*, 270 Ga. 509, 510 (2) (512 SE2d 233) (1999). The State presented sufficient evidence independent of Sheffield's inculpatory statements that the victim died from manual strangulation inflicted by another human being shortly after Sheffield was in the victim's company. Id.

---

[3] In argument regarding this enumeration, Sheffield raises the specter that his "confession" was induced by deception, and therefore suspicion is cast on its voluntariness. However, he does not pursue a legal challenge to the voluntariness of his statements.

[4] Sheffield gave both an audio-taped and a written statement to police.

2. There is likewise no merit to Sheffield's remaining contention that the State failed to present any evidence of the intent to kill, an essential element of malice murder.

> [I]n Georgia, the crime of malice murder is committed when the evidence shows either an express or, in the alternative, an implied intent to commit an unlawful homicide. This meaning of malice murder is consistent with the general rule that crimes which are defined so as to require that the defendant intentionally cause a forbidden bad result are usually interpreted to cover one who knows that his conduct is substantially certain to cause the result, whether or not he desires the result to occur. Thus, a malice murder can be shown not only by evidence that the defendant acted with the deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof, but also by evidence that the defendant acted where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart. In other words, evidence that the defendant acted with implied malice is, for purposes of demonstrating his guilt of the crime of malice murder, no less probative than proof that he acted with a specific intent to kill.

(Citations and punctuation omitted.) *Parker v. State*, 270 Ga. 256, 259 (4) (507 SE2d 744) (1998). Moreover, " 'the malice which is required for murder can be formed in an instant so long as it is present at the time of the act of killing.' " *Brewer v. State*, 280 Ga. 18, 21 (3) (c) (622 SE2d 348) (2005). Here, there is ample evidence of Sheffield's intent to take the life of the victim. The evidence was sufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt of the malice murder of Cunningham and of the related crimes committed against her. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Patricia F. Angeli*, for appellant.

*Jewel C. Scott, District Attorney, Melvin E. Abercrombie, Assistant District Attorney, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.